IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARITA FUENTES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 06 C 2158 |
| ECOLAB INC., | ) Magistrate Judge Nan R. Nolan ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In this personal injury action, Plaintiff Margarita Fuentes seeks leave to file an amended complaint adding a non-diverse defendant. Defendant Ecolab Inc. has moved for summary judgment. For the reasons stated, Fuentes' Motion for Leave to File an Amended Complaint [20] is granted and Ecolab's Motion for Summary Judgment [38] is denied without prejudice to reassertion in state court.

## BACKGROUND

Ecolab develops and markets institutional cleaning products. Ecolab also has a Pest Elimination division that provides pest control services to commercial customers, such as restaurants, hotels and hospitals. Fuentes alleges that Ecolab was negligent in the sale and distribution of pest elimination and cleaning products to her employer and that it failed to properly train Fuentes in the use of these products. Fuentes further alleges that as a direct and proximate result of using these products, she sustained chronic lung disease. Ecolab denies the allegations made by Fuentes and denies manufacturing any of the pesticides allegedly at issue in this case.

On March 10, 2006, Fuentes filed this action in the Circuit Court of Cook County, Illinois. On April 18, 2006, Ecolab removed the case to the United States District Court for the Northern District of Illinois. When Ecolab removed the case from state court, complete diversity existed between Fuentes and Ecolab. Fuentes is and was at the time of the commencement of this action a citizen of Illinois. Ecolab is and was at the time of the commencement of this action a Delaware corporation with its principal place of business in Saint Paul, Minnesota. Fuentes now seeks to add Michael Shoemaker, an Ecolab employee and an Illinois resident, as a defendant. The joinder of Shoemaker would destroy the complete diversity required by 28 U.S.C. § 1332 because both Fuentes and Shoemaker are Illinois citizens.

Ecolab opposes the motion to amend the complaint on the ground that amendment would destroy diversity jurisdiction and require a remand of the case to state court. Ecolab filed for summary judgment after Fuentes moved to amend the complaint. Ecolab's summary judgment motion argues that the evidence shows that it did not manufacture or sell the products at issue. Ecolab prefers to proceed in federal court and requests that the Court first decide its summary judgment motion, and then consider the issue of joinder.

## DISCUSSION

28 U.S.C. § 1447(e) governs joinder of a non-diverse defendant after the case has been removed to federal court. Section 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Section 1447(e) requires the court to either deny joinder of a non-diverse defendant or permit joinder and remand the case to state court. Stevens v. Brink's Home Security, Inc.,

378 F.3d 944, 949 (9th Cir. 2004). "A district court may not allow joinder and retain jurisdiction." Id. The Seventh Circuit has not articulated the factors that must be considered when deciding whether to permit joinder of a non-diverse defendant after removal. Other courts in this district have applied a general equities analysis and considered four factors: (1) the plaintiff's motivation in seeking to join the additional party, particularly whether joinder is sought solely to defeat federal jurisdiction; (2) the timelineness of the request; (3) the prejudice to the parties; and (4) other equitable considerations, including defendant's interest in maintaining a federal forum. See Bostrom v. Target Corp., 2006 WL 3370176, at *1 (N.D. Ill. Nov. 21, 2006) (Aspen, J.); Roberts v. Standard Ins. Co., 2004 WL 2367741, at *2 (Oct. 15, 2004) (Ashman, M. J.); Perez v. Arcobaleno Pasta Machines, Inc., 261 F.Supp.2d 997, 1001 (2003) (Denlow, M. J.); Kortum v. Raffles Holdings Ltd, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002) (Coar, J.); see also Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).

Balancing the equities here, the above factors weigh in favor of allowing Fuentes to add Shoemaker as a defendant. As to the first factor, Ecolab argues that Fuentes failure to add Shoemaker as a defendant in the original complaint supports a conclusion that she seeks to add him now to defeat federal jurisdiction. Ecolab points out that Fuentes was aware of Shoemaker before she filed her original complaint in Cook County, she identified Shoemaker in her mandatory initial disclosures, and identified Shoemaker as a person with knowledge in her interrogatory responses. See In re Bridgestone/Firestone, Inc. v. Ford Motor Co., 129 F.Supp.2d 1202, 1205 (S.D. Ind. 2001) (stating "[w]hen a plaintiff was aware at the time of the filing of her original complaint of the identity of the defendant she now seeks to add, there arises some suspicion of the plaintiff's motives to amend."). Also,

Fuentes' original complaint alleged that her damages resulted from the acts, omissions and conduct of Ecolab "by and through its agents and servants." Pl's Cmplt. ¶ 6. Shoemaker is the Ecolab agent Fuentes refers to in her complaint.

There is no indication that Fuentes sought to add Shoemaker as a defendant solely to defeat diversity jurisdiction. Although Fuentes knew of Shoemaker's identity at the time of her original complaint, she has offered a reasonable explanation for failing to name him as a defendant at that time. Fuentes explains that at the time of the filing of the original complaint, she believed Shoemaker's actions were within the scope of his employment and his employer Ecolab would be vicariously liable. An employer may be vicariously liable for the negligent acts of its employees if they are committed within the scope of that employment. See Bagent v. Blessing Care Corp., 2007 WL 121319, at *4 (Ill. Jan. 19, 2007). Fuentes' failure to name Shoemaker earlier is understandable. Shoemaker testified that on a visit with Bill Sharp (Fuentes' employer) where Fuentes may have been present, Shoemaker was wearing his Ecolab uniform and had arrived in an Ecolab vehicle.

On September 25, 2006, Fuentes received Ecolab's answers to her interrogatories and first learned that Ecolab contends that Shoemaker was acting in his individual capacity and not within the scope of his employment. In its answer to Interrogatory No. 4, Ecolab stated, in relevant part, that Shoemaker's contacts with Fuentes and her employer were in "Mr. Shoemaker's individual capacity, outside the scope of his employment by Ecolab." Ecolab further stated in response to Interrogatory No. 8: "Ecolab understands that warnings and/or instructions may have been provided by Michael Shoemaker in his individual capacity, outside the scope of his employment by Ecolab." Fuentes filed her motion to amend on October 25, 2006, a month after receiving Ecolab's interrogatory responses.

Fuentes' request to add Shoemaker was made as a result of new information regarding the alleged scope of Shoemaker's employment. Fuentes is seeking to join Shoemaker because Ecolab contends that Shoemaker was acting outside the scope of his employment when he dealt with Fuentes and her employer. If Fuentes had been motivated by a desire to defeat federal jurisdiction, she could have moved to add Shoemaker as a defendant immediately after Ecolab's April 18, 2006 removal of this action. Instead, she maintained the lawsuit against Ecolab, the only defendant she then believed was a proper defendant. Ecolab contends that Shoemaker's alleged conduct is not new information because Fuentes has not shown that anyone but Shoemaker sold the pesticides at issue. Ecolab's argument misses the mark because Fuentes does not claim she was unaware of Shoemaker's identity or believed someone other than Shoemaker sold the pesticides at issue at the time of the original complaint. The relevant inquiry is when Fuentes first learned that Ecolab contends Shoemaker acted outside the scope of his employment. Ecolab has not shown that Fuentes knew or should have known of Ecolab's position earlier than September 25, 2006, when she received its answers to interrogatories.

Ecolab's suggestion that Fuentes only now wishes to join Shoemaker because she is facing the possibility of a dismissal of Ecolab is without any basis in fact. At the time Fuentes filed her motion to amend, Ecolab's summary judgment motion had not been filed and Shoemaker's deposition had not been taken. Because Fuentes has offered a reasonable explanation for failing to include Shoemaker in the original complaint, the Court does not infer that Fuentes seeks to add Shoemaker in order to defeat diversity jurisdiction. The first equitable factor thus weighs in favor of allowing Fuentes to amend her complaint.

Fuentes was also not dilatory in seeking leave to amend. Fuentes sought leave to amend the complaint over six months after the removal, but Fuentes has offered a good reason for seeking leave to amend at this stage. A month after Fuentes became aware of Ecolab's theory that Shoemaker was acting outside the scope of his employment, she moved to amend the complaint to add Shoemaker as a defendant. See Kortum v. Raffles Holdings Ltd., 2002 WL 31455994, at *4-5 (finding delay of eleven days between plaintiff learning of defendant's position in a deposition and seeking leave to amend complaint to add additional non-diverse parties was not dilatory); County of Cook v. Philip Morris, Inc., 1997 WL 667777, at *2 (N.D. Ill. Oct. 17, 1997 (holding "[t]wo months and three weeks is hardly an undue delay, especially where no significant activity has occurred in the action."). Given the nature of her amendment which is based on newly discovered facts and theories, the Court finds Fuentes did not delay in seeking leave to amend. Compare Bostrom v. Target Corp., 2006 WL 3370176, at * 2-3 (finding waiting to amend the complaint for six months following removal not justified where plaintiff did not suggest "that new information has surfaced regarding [the putative non-diverse defendant's role] in [plaintiff's] alleged accident.").

The third factor requires the Court to balance the risk that Fuentes will suffer prejudice by pursuing multiple lawsuits if the amendment is not allowed and the risk that Ecolab will be prejudiced if the amendment is allowed. Vasilakos v. Corometrics Medical Systems, Inc., 1993 WL 390283, at * 3 (N.D. Ill. Sept. 30, 1993). Fuentes will be prejudiced if Shoemaker is not added as a defendant. Ecolab does not deny that Fuentes has a valid cause of action against Shoemaker. Denying leave to amend may force Fuentes to initiate a second lawsuit in state court against Shoemaker. The interests of judicial economy and

efficiency thus support an amendment here. Parallel lawsuits in federal and state court waste judicial resources. Ecolab will suffer no prejudice if the Court allows the amendment to the complaint and remands the action to state court. The lawsuit is in its early stages, and fact discovery is ongoing. Fuentes would be more prejudiced if forced to pursue multiple lawsuits in federal and state court than Ecolab would be defending the suit in state court.

Finally, Ecolab has a valid interest in keeping this action in federal court. Hensgens, 833 F.2d at 1182 (stating "the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum."). Ecolab states that it prefers the Seventh Circuit's toxic tort decisions and Daubert rulings. Ecolab would also like a federal court to rule on the merits of its summary judgment motion, but its summary judgment motion appears a bit premature. The discovery deadline is not until August 24, 2007. The parties have exchanged written discovery, but as far as this Court knows, only Shoemaker's deposition has been taken. It seems clear that the testimony of Bill Sharp (Fuentes' employer) and Fuentes would be needed to rule on the merits of Ecolab's summary judgment motion. Shoemaker should be named as a party before any further discovery proceeds. The Court finds that the other equitable factors discussed above outweigh Ecolab's interest in maintaining a federal forum.

Gonzalez v. Cincinnati Milacron Marketing Co., 1987 WL 19138 (N.D. Ill. October 27, 1987), cited by Ecolab, does not compel a different result. At the time the Gonzalez court addressed the issue of a remand because non-diverse defendants had been joined, defendant Cincinnati Milacron Marketing Company's summary judgment motion was fully briefed. The district court believed Cincinnati Milacron Marketing Company was "clearly not

liable" and entitled to summary judgment. The district court framed the issue as whether it should "dismiss for lack of jurisdiction either before or after the entry of summary judgment in favor of Milacron." Id., at *1. The Gonzalez court stated that it was adopting the "pragmatic approach that, while this court has removal jurisdiction, it may address the issue presented to it, whether a party clearly not liable is entitled to summary judgment." Id.

In contrast, discovery is ongoing in this case and summary judgment has not been fully briefed. The Court has no idea whether Ecolab is "clearly not liable" and entitled to summary judgment. The more pragmatic approach here, where Fuentes appears to have a bona fide claim against Shoemaker and further discovery needs to be completed, is to allow Fuentes to add Shoemaker now so he can participate in the remaining discovery and then resolve all claims on the merits.

## CONCLUSION

Fuentes' motion to amend the complaint to include Shoemaker is granted. Having decided to permit the diversity-destroying joinder, this Court must remand this action to the Circuit Court of Cook County. The Court does not reach the merits of Ecolab's summary judgment motion. This case is dismissed without prejudice for lack of subject matter jurisdiction.

ENTER:

*Nan R. Nolan*

Nan R. Nolan
United States Magistrate Judge

Dated: March 7, 2007